UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON EUGENE HUNTER,<br>Plaintiff,<br>v.<br>DEMARS, *et al.*,<br>Defendants. | Case No. 2:26-cv-2570-DC-JDP (P)<br><br>ORDER |

Plaintiff, a detainee in the Sacramento County Jail, brings this action under section 1983 and alleges that various violations of his constitutional rights against numerous defendants. The complaint is, as explained below, non-compliant with federal pleading standards. I will dismiss the complaint with leave to amend so that plaintiff may remedy these deficiencies. Additionally, I will grant plaintiff's latest application to proceed *in forma pauperis*, ECF No. 8, and deny his earlier one, ECF No. 2.

I. Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr*., 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc*., 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II. Analysis

Plaintiff brings this action against nineteen named defendants and an indeterminate number of unidentified "Doe" defendants. The complaint fails to adequately explain how each of the named defendants was specifically involved in the alleged violation of plaintiff's rights. At various points in the complaint, plaintiff does little more than offer a list of names and allege that they "conspired together" to harm him. *See* ECF No. 1 at 6. This is insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that Rule 8 demands more than "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). To put a defendant on notice of the claims against him or her, plaintiff must explain his or her role in the relevant incident(s) and

what actions he or she took (or didn't take) that violated his rights.

Additionally, the disorganized complaint appears to present multiple, unrelated claims against multiple defendants, which is impermissible. Plaintiff alleges that defendants failed to offer him adequate mental health care, that they retaliated against him for filing lawsuits, that they denied him access to the courts, and that they deprived him of his property. ECF No. 1 at 6-11. Other than vague allegations of a "conspiracy," plaintiff does not explain how these varied claims are related or why they should proceed in a single lawsuit. "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's complaint is dismissed with leave to amend so that he may address these deficiencies. Within thirty days of this order's entry, he must submit an amended complaint or a notice of voluntary dismissal. He is advised that an amended complaint will entirely supersede the original complaint, should be filed on the form included with this order, should contain only related claims, and be titled "Amended Complaint." If he fails to file an amended complaint within the deadline, I will recommend that this action be dismissed for failure to prosecute and to follow court orders.

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff's second application to proceed *in forma pauperis*, ECF No. 8, is GRANTED and his first, ECF No. 2, is DENIED.

IT IS SO ORDERED.

Dated: October 6, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE